John J. Dillon, J.
This is a motion to vacate an order dated May 31, 1955, in which plaintiffs had been granted a preliminary injunction or, in the alternative, to dismiss the action for lack of prosecution. The request for alternative relief is denied without prejudice to a renewal thereof upon compliance by the defendants with the requirements of CPLR 3216.
The order in question is based upon a decision rendered by Mr. Justice Brennan in this action (see 141 N. Y. S. 2d 619, affd. 1 A D 2d 604, mot. for lv. to app. den. 2 N Y 2d 721). The facts giving rise to this action, briefly stated, are as follows: Arnold Bakers, Inc., hereinafter referred to as the Bakery, manufactures bread and other baked goods in a union shop and its merchandise is distributed through independent wholesalers who in turn sell the products to individual distributors. For the purpose of this motion, it has been determined that neither the wholesalers nor the distributors are employees of *332 the Bakery, but are independent entrepreneurs. The defendant union in an attempt to organize the distributors and compel them to become members of the union, picketed retail stores which purchased baked goods from the distributors and represented to the public that the distributors were “ employees” of the Bakery, thus misleading the public into believing that the Bakery used nonunion labor at a substandard wage. Needless to say, in this day and age such propaganda is dangerous to a businessman and can do irreparable harm by either damaging or destroying his public image and with it the business itself. In the original case, the union argued that the State court was deprived of jurisdiction because this was a labor dispute and as such was under the exclusive jurisdiction of the N. L. R. B. That argument was rejected on the ground that there was no proof of an employee-employer relationship.
The union asserts that the law has undergone a change since May of 1965 and that the State courts no longer have any jurisdiction in an action such as this, but that the N. L. R. B. has exclusive primary jurisdiction. In support of its contention the union cites the following authorities: (1) the Labor Management Reporting and Disclosure Act of 1959, 73 U. S. Stat. 519 et seq. (“ Landrum-Griffin Act”); (2) San Diego Unions v. Garmon (359 U. S. 236); (3) Dooley v. Anton (8 N Y 2d 91); and (4) Labor Bd. v. Fruit Packers (377 U. S. 58).
The court has reviewed the foregoing authorities and is satisfied that the N. L. R. B. now has exclusive primary jurisdiction of labor disputes involving an employee-employer relationship. In Dooley v. Anton (supra, p. 96), the court stated the governing principle with respect to the question of jurisdiction as follows: 1 ‘ In Garmon, the Supreme Court adopted the rule that any doubt must be resolved in favor of ‘ the exclusive primary competence of the Board ’, the 1 governing consideration ’ being ‘ that to allow the States to control activities that are potentially subject to a federal regulation involves too great a danger of conflict with national labor policy ’ ”.
However, the foregoing principle does not divest the State courts from jurisdiction in this case, because on the record this dispute would have to be classified as merely peripheral, since the attempt to raise an issue as to the status of the distributors as employees has been resolved by the Appellate Division in the decision rendered in the present case (1 A D 2d 604, 608) wherein the court stated: “ Where there is room for a finding of fact as to whether a purported entrepreneur is, in substance, an employee within the purview of the labor act, the question may be one for the National Labor Relations Board in the first *333 instance, s * *, Such an issue is not presented on this record,. It follows that the State court has jurisdiction.” (Emphasis added.)
Accordingly, the motion to vacate the temporary injunction is denied.